UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HECTOR HIDALGO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>YRC LOGISTICS SERVICES, INC., et al.<br><br>  Defendants. | ED CV 10-1334 AHS (OPx)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION, RETURNABLE NOVEMBER 8, 2010 |

**I.**

**PROCEDURAL HISTORY**

On June 24, 2010, Plaintiffs Hector Hidalgo[1] ("Mr. Hidalgo") and Sonia Hidalgo ("Ms. Hidalgo") (collectively, "plaintiffs") filed a Complaint for Damages ("Compl.") against Defendants YRC Logistics Services, Inc. ("YRC"), Heather Hampton ("Hampton"), and Christina Roe ("Roe") (collectively, "defendants") in the Superior Court of the State of California, County of San Bernardino. Defendants Hampton and Roe are alleged

---

[1] Plaintiff Hector Hidalgo was deceased before this action was filed by his widow, Sonia Hidalgo.

to be employees of YRC. Plaintiffs allege the following claims under California law: (1) disability discrimination in violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12940(a); (2) failure to accommodate, Cal. Gov't Code § 12940(m); (3) failure to engage in the interactive process, Cal. Gov't Code § 12940(n); (4) retaliation for engaging in protected activity, Cal. Gov't Code § 12940(h); (5) failure to prevent/remedy discrimination, harassment, and retaliation, Cal. Gov't Code § 12940(k); (6) wrongful termination in violation of public policy; (7) defamation; (8) wrongful death; and (9) loss of consortium. Plaintiffs bring claims one through six against defendant YRC, and claims seven, eight, and nine against all defendants.

On September 2, 2010, defendants filed a Notice of Removal, pursuant to 28 U.S.C. § 1441(b). The Court questions defendants' invocation of this Court's jurisdiction.

## II.

## REMOVAL JURISDICTION

**A.     Notice of Removal**

In its Notice of Removal, YRC asserts that plaintiff Ms. Hidalgo is a citizen of California, and YRC is a citizen of Illinois (state of incorporation) and Kansas (principal place of business). YRC acknowledges that defendants Hampton and Roe are citizens of California. However, YRC asserts that Hampton and Roe are fraudulently joined because plaintiffs do not plead a valid cause of action against the resident defendants. The three causes of action plaintiffs assert against Hampton and Roe are: (1) defamation, (2) wrongful death, and (3) loss of consortium.

In support of removal, YRC argues that defendants

Hampton and Roe cannot be liable for these causes of action because, first, defamation of a deceased person does not give rise to a cause of action in favor of the surviving spouse. Second, as to wrongful death, Hampton cannot be liable as a supervisory employee for her employer's actions relating to retaliatory or discriminatory discharge, and plaintiffs allege "no facts that show the basis for their claim for wrongful death" as to Roe.  (Notice at ¶¶ 5-6.)  Third, as to loss of consortium, plaintiffs fail to allege facts to show that Hampton and Roe owed a duty to plaintiffs or that there was a breach of duty.  (Id. at ¶¶ 18-19.)

**B.      Legal Standard**

Removal of a case to federal court is governed by 28 U.S.C. § 1441(b), which states that an action not arising under federal law may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal citations and quotation marks omitted).  The party invoking the federal court's jurisdiction has the burden of establishing federal jurisdiction.  Id.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."

1  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008
2  (N.D. Cal. 2001). The joinder of a defendant is fraudulent "[i]f
3  the plaintiff fails to state a cause of action against a resident
4  defendant, and the failure is obvious according to the settled
5  rules of the state." McCabe v. General Foods Corp., 811 F.2d
6  1336, 1339 (9th Cir. 1987). In such a case, the Court may
7  disregard the citizenship of the resident defendant for purposes
8  of removal jurisdiction. Id.
9  **C.      Analysis**
10         It is not "obvious" that plaintiffs fail to state a
11 cause of action against Hampton and/or Roe. The question is
12 "whether on the face of the removed complaint there is *any*
13 *possibility* plaintiff could prevail." Simpson v. Union Pacific
14 R.R. Co., 282 F. Supp. 2d 1151, 1155 (N.D. Cal. 2003) (emphasis
15 added) (citing Morris v. Princess Cruises, Inc., 236 F.3d 1061,
16 1068 (9th Cir. 2001)). YRC has not carried its heavy burden to
17 persuade the Court of the absence of such a "possibility." See
18 Plute, 141 F. Supp. 2d at 1008. For example, it is not clear
19 that "*settled* California law precludes [plaintiffs] from suing []
20 former supervisors for retaliation." Id. at 1011 (emphasis in
21 original). In addition, YRC's arguments regarding failure to
22 allege necessary elements or sufficient facts appear more
23 properly directed towards a motion to dismiss for failure to
24 state a claim, which applies a different standard than fraudulent
25 //
26 //
27 //
28 //

joinder.[2] See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (to survive a 12(b)(6) motion, allegations in the complaint must be "plausible"). Thus, strict construction of the removal statute appears to warrant remand.

## III.

## CONCLUSION

If defendants Hampton and Roe were not fraudulently joined in the Complaint, then, by YRC's own admission, this Court has no subject matter jurisdiction over this action due to the lack of complete diversity between plaintiffs and defendants.

Accordingly, the Court orders YRC to show cause in writing no later than **November 8, 2010** why the Court should not remand this action to the state court due to lack of subject matter jurisdiction. Counsel is advised that the Court will consider the filing of an amended notice of removal on or before the date upon which the response is due as an acceptable response to the Order to Show Cause. Plaintiffs may file a response, if any, within seven (7) days of YRC's responsive filing.

\\
\\
\\
\\
\\

---

[2] YRC has put forth similar arguments regarding insufficiency of facts in its recently filed motion to dismiss. (Dkt. No. 8.) The motion was taken under submission on October 15, 2010. (Dkt. No. 15.)

1      No oral argument on this matter will be heard unless
2 otherwise ordered by the Court.  The Order to Show Cause will
3 stand submitted upon the close of business seven (7) days after
4 YRC's timely responsive filing.
5      IT IS SO ORDERED.
6      IT IS FURTHER ORDERED that the Clerk shall serve a copy
7 of this Order on counsel for all parties.
8      Dated: October 28, 2010.

                                    _ALICEMARIE H. STOTLER_
                                    ALICEMARIE H. STOTLER
                                    UNITED STATES DISTRICT JUDGE