JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HECTOR HIDALGO, et al., | ) | ED CV 10-1334 AHS(OPx) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER REMANDING ACTION TO |
| | ) | STATE COURT |
| YRC LOGISTICS SERVICES, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.

## **PROCEDURAL HISTORY**

On October 28, 2010, the Court issued an Order to Show Cause ("OSC") why the case should not be remanded to state court for lack of subject matter jurisdiction. (Doc. No. 18.) The Court indicated that "strict construction of the removal statute appears to warrant remand" due to non-diverse parties. The OSC permitted YRC an opportunity to demonstrate otherwise. In particular, the Complaint states that plaintiffs are California citizens, Defendant YRC Logistics Services, Inc. ("YRC") is a citizen of Illinois and Kansas (according to the Notice of

Removal), but defendants Heather Hampton ("Hampton") and Christina Roe ("Roe") are also citizens of California.

On November 8, 2010, YRC filed a timely response, along with a request for judicial notice. (Doc. Nos. 19 and 20.) On November 15, 2010, plaintiff Sonia Hidalgo ("plaintiff") filed a timely response to YRC's filing. (Doc. No. 21.)

For the reasons set forth below, the Court finds that YRC does not meet its burden to demonstrate fraudulent joinder of Hampton and Roe. Thus, the case must be remanded to state court due to lack of complete diversity.

**A.      Legal Standard**

Removal of a case to federal court is governed by 28 U.S.C. § 1441(b), which states that an action not arising under federal law may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal citations and quotation marks omitted). The party invoking the federal court's jurisdiction has the burden of establishing federal jurisdiction. Id.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008

(N.D. Cal. 2001).  The joinder of a defendant is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  In such a case, the Court may disregard the citizenship of the resident defendant for purposes of removal jurisdiction.  Id.

**B.      Discussion**

Plaintiffs bring three claims against the purported sham defendants Hampton and Roe:  defamation, wrongful death, and loss of consortium

      **1.    Defamation**

YRC argues that plaintiffs fail to state a claim for defamation because Hampton's allegedly defamatory statements were made in a December 2007 letter, well over one year before the filing of plaintiffs' June 24, 2010 complaint, which means the claim is time-barred.  (YRC Response at 4.)

While plaintiffs raise the December 2007 letter as one basis for their defamation claim, the complaint alleges "written and/or oral statements about [Mr. Hidalgo], which were untrue, including, without limitation, that he engaged in sexual harassment and other reprehensible conduct in the workplace" which were made "before and after he was terminated."  (Compl. ¶ 91.)  Even if "the publications may have started in December 2007," (id. ¶ 93), plaintiffs allege multiple oral and written communications, including *after* Mr. Hidalgo's termination.  Statements made after June 2009 would not be time-barred before the filing of the June 2010 complaint.  See Cal. Civ. P. Code

1  § 340(c).  Also, YRC does not explain why the discovery rule does
2  not prevent some statements from being time-barred if those
3  "defamatory statement[s] are hidden from view."  Shively v.
4  Bozanich, 31 Cal. 4th 1230, 1249 (Cal. 2003).
5       In its Notice of Removal, YRC contends that defamation
6  of a deceased person does not give rise to a civil right of
7  action in favor of the surviving spouse.  (Notc. of Removal at
8  5.)  YRC is correct.  See, e.g., Flynn v. Higham, 149 Cal. App.
9  3d 677, 680 (1983) ("The malicious defamation of the memory of
10 the dead . . . cannot be the basis for recovery in a civil
11 action."); Saucer v. Giroux, 54 Cal. App. 732 (1921) (no cause of
12 action for defamatory statements made about one who is dead).
13 However, plaintiffs do not allege defamation of a deceased
14 person.  Rather, they allege that defendants made defamatory
15 statements about Mr. Hidalgo while he was alive.  Thus, the
16 question is whether a defamation cause of action survives death.
17      The Court finds that, under California law, it does.
18 See Cal. Civ. P. Code § 377.20 (formerly Cal. Prob. Code § 573);
19 Sullivan v. Delta Air Lines, Inc., 15 Cal. 4th 288, 298-99 (Cal.
20 1997) (recognizing that the legislature sought to expand the
21 survival statute "to include actions for personal torts that do
22 not result in physical injury [including] . . . defamation"); In
23 re A.C., 80 Cal. App. 4th 994, 1004 (Cal. App. 2000) (same).
24      Thus, under the standard for fraudulent joinder, the
25 Court concludes that it is not "obvious" that plaintiffs fail to
26 state a claim for defamation against resident defendants Hampton
27 and Roe.
28 //

### 2. Wrongful Death & Loss of Consortium

YRC argues that plaintiffs fail to state wrongful death and loss of consortium claims against Hampton and Roe because only employers, not supervisors or other employees, may be liable for injuries arising from retaliatory and/or discriminatory discharge.  See Jones v. The Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158, 1161-74 (2008); Reno v. Baird, 18 Cal. 4th 640, 663 (1998).

While YRC is correct that plaintiffs are barred from bringing § 12940 discrimination and retaliation claims against other employees under Torrey Pines and Reno, plaintiffs allege no such claims against Hampton and Roe.  Instead, they allege only claims for defamation, wrongful death, and loss of consortium.  The California Supreme Court's holdings in Torrey Pines and Reno are limited to retaliation and discrimination claims under § 12940, respectively.  The Court finds no basis in these opinions to conclude that plaintiffs fail to state wrongful death and loss of consortium claims under well-settled California law.  That the factual basis for the instant claims overlaps with the factual basis underlying the termination-related claims does not automatically bring these negligence-based claims within the purview of Torrey Pines and/or Reno.

The remaining arguments raised by YRC in its Notice of Removal, regarding failure to allege necessary elements or sufficient facts, are more properly directed to a motion to dismiss and need not be resolved at this stage.

Thus, the Court concludes that it is not "obvious" under well-settled California law that plaintiffs have failed to

1  state wrongful death and loss of consortium claims against
2  resident defendants and YRC employees Hampton and Roe.

## II.

### CONCLUSION

For the foregoing reasons, the Court discharges the October 28, 2010 OSC (Doc. No. 18) and remands the action to state court for lack of federal jurisdiction.  The Court grants YRC's request for judicial notice (Doc. No. 20) and denies YRC's pending motion to dismiss (Doc. No. 8) without prejudice as moot.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve this Order on counsel for all parties and the Clerk of the Superior Court for San Bernardino County for filing in Case No. CIVDS 1008732.

Dated:  November 22, 2010.

*ALICEMARIE H. STOTLER*
_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

O:\Review\CV, 10-1334 Ord Remand Action to St Crt.wpd